UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>MOHAMMED JAWAID AZIZ,<br><br>      Defendant. | CASE NO. MJ25-150<br><br>**DETENTION ORDER** |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f) and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

Defendant is charged by grand jury indictment in the District of Minnesota with conspiracy to defraud the government and violations of the export control reform act. The Court finds Defendant should be detained on the grounds he poses a serious risk to flee. The Court has considered all factors listed in the Bail Reform Act. The government argued Defendant posed a serious risk to flee given the nature and severity of the offense. The government contended Defendant engaged in the alleged criminal conduct over a lengthy period of time and faces up to 20 years of imprisonment if convicted of the export control offense. The Court agrees this provides some incentive for Defendant to flee. The government also proffered the strength of the

DETENTION ORDER - 1

evidence against Defendant is strong. There is a paper trail establishing Defendant's guilt and a person with personal knowledge of Defendant's alleged criminal conduct is available to testify against Defendant. While the strength of the evidence is given the least weight, it is a factor in favor of detention.

The Court considered Defendant's personal ties to the district and his circumstances. Defendant has not been to this country for many years. However, Defendant's adult children and siblings appeared in Court. Some live in this District and some in other parts of the country. This weighs in favor of Defendant's release. However, the government proffered that Defendant proposed to release to a brother living in district. Both the brother and a sister appear to be connected to the alleged offense. The government thus submitted that release to live with Defendant's brother was not appropriate. The government's proffer weighs against Defendant.

The government also argued Defendant's past conduct shows he is a flight risk. Defendant lived in the county many years on a visa. When his visa expired, he was directed to appear before an immigration judge. He failed to do so and instead left the country for Canada and changed his name. The Defense argued Defendant's conduct was akin to a person having one arrest warrant issued many years ago. The government has the better argument. This is not a case merely involving issuance of warrant and no flight. To the contrary this is a case in which Defendant's response to appear before a judge was to flee the country and change his name. Defendant's flight weighs against release. Defendant's flight and name change which would conceal his whereabouts evidence there is a serious risk he will flee if released.

The government also contended Defendant is a citizen of Pakistan and Canada. He has traveled extensively across the world and that if he left the country for Canada, it would be difficult and time consuming to extradite him, and if he left for Pakistan, it would be impossible.

DETENTION ORDER - 2

Although Defendant agreed to sign a waiver of extradition, such a waiver would not be enforceable in Pakistan.

The Court notes Defendant offered to put up cash bail, post the equity in his house, and agree to electronic monitoring. The Court finds this offer does not support release given the allegations above.

And lastly Defendant argued other foreign nationals have been released and therefore so should he. Each case is different, and a detention decision should be based upon the facts in this case. The Court thus concludes the decisions in other cases do not direct release in this case.

It is therefore **ORDERED**:

(1)   Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2)   Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 27th day of March, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

DETENTION ORDER - 3